# GUSRAE KAPLAN NUSBAUM PLLC
### ATTORNEYS AT LAW

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005

TEL (212)269-1400
FAX (212)809-4147

www.gusraekaplan.com

SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
LAWRENCE G. NUSBAUM
RYAN J. WHALEN

OF COUNSEL
ROBERT L. BLESSEY
HOWARD F. MULLIGAN

Memo Endorsed

March 6, 2020

**Filed By ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
500 Pearl Street
Courtroom 20D
New York, NY 10007

        **Re:**    <u>**Kay Johnson v. National Securities Corp. et. al., 19-cv-6197**</u>

Dear Magistrate Judge Wang:

We are counsel for Plaintiff Kay Johnson. We write jointly with Defendants' counsel to request a third adjournment of the initial conference, which is currently scheduled for March 24, 2020. As a result of Defendants' impending motion to dismiss, the Parties believe that further postponing the initial conference and its concomitant deadlines and obligations will be more efficient than attempting to draw up discovery and scheduling plans at this time, before Defendants have moved to dismiss or communicated their reasons for doing so.

On September 9, 2020, the Court so-ordered the parties' joint stipulation, which postponed Defendants' deadline to answer the Complaint until Ms. Johnson had the opportunity to (1) satisfy the administrative prerequisites for adding Sarbanes–Oxley Act of 2002, Title VII of the Civil Rights Act of 1964, and Age Discrimination in Employment Act claims to her complaint and (2) file an amended complaint. <u>See</u> Dkt. 68 (Sept. 9, 2019).

On September 16, the Parties noted the postponement and jointly moved the Court to correspondingly postpone the initial conference until several weeks after March 9, 2020, when the Parties expected that Defendants would be required to answer the eventual amended complaint. See Dkt. 69 (Sept. 17, 2019). The Court granted the Parties' joint motion to adjourn and set the initial conference for March 24. See Dkt. 70 (Sept. 19, 2019).

Ms. Johnson filed her amended complaint on February 2, 2020 (the "**Amended Complaint**"). Dkt. 71. Defendants estimate that their deadline to answer or otherwise respond to the Amended Complaint is March 18, 2020.

On March 3, 2020, counsel briefly conferred regarding the parties' Rule 26(f) and case management plan obligations. At that time, Defendants informed Plaintiff of their plan to move to dismiss the Amended Complaint by March 18, 2020, and to send Plaintiff's counsel a letter outlining their position as required by the Court's Individual Practices. However, under the current schedule, the Parties must file their Report of Rule 26(f) Conference and Proposed Case Management Plan one day before Defendants must file their Rule 12 motion. Counsel believe that the Parties cannot create a meaningful discovery plan or case schedule until Defendants at least move to dismiss, and potentially not until the Parties fully brief and the Court rules on that motion.

Therefore, the Parties respectfully request that the Court adjourn the initial conference to a date no earlier than April 22, 2020, which would give the Parties up to one week after they brief Defendant's motion to more meaningfully confer on Rule 26(f) and case management issues.

Respectfully submitted,

Kari Parks

cc: All counsel of record (via ECF)

**Application Granted.** The conference scheduled for March 24, 2020 is hereby adjourned. It is not this Court's practice to stay discovery pending a decision on a motion to dismiss, however given the current COVID-19 pandemic and national emergency, the deadline to file a complete 26(f) will be extended to May 1, 2020. Parties are directed to review the Court's updated individual practices and refrain from in-person contact.
**SO ORDERED.**

_____
Ona T. Wang          3/18/2020
U.S. Magistrate Judge