# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAY JOHNSON, both individually and derivatively on behalf of NATIONAL HOLDINGS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL SECURITIES CORPORATION, NATIONAL ASSET MANAGEMENT, INC., NATIONAL HOLDINGS CORPORATION, MICHAEL MULLEN, GLENN WORMAN, BILLY GROENEVELD, DANIEL ORTEGA, RENE KAGEFF, MICHAEL SINGER, DANIEL HUME, JEFFREY GARY, ROBERT FAGENSON, ATHANASSIOS MICHAS A/K/A NASSOS MICHAS, BARBARA CREAGH, and JOHN DOES 1-10,<br><br>Defendants,<br><br>and<br><br>NATIONAL HOLDINGS CORPORATION,<br><br>Nominal Defendant. | No. 19-cv-06197-LTS-OTW<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality for the above-captioned action (the "Action"), and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order is entered by the Court.

**Proceedings and Information Governed.**

1. This Protective Order and any amendments or modifications hereto shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this Action. The information protected includes material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" produced in accordance with this Protective Order, including answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced (collectively, "Discovery Material"), as well as to any copies,

excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. For avoidance of doubt, parties may seek to file Discovery Material with the Court in redacted form or under seal as described in ¶ 18, *infra*.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, the "CONFIDENTIAL" designation shall mean that the Discovery Material is comprised of sensitive or personal information the designating party believes, in good faith, is not publicly known and must be protected from public disclosure. This includes sensitive personal information of employees, directors, and officers that is not redacted as "PII" (*see* ¶¶ 12-13, *infra*), confidential business information, confidential competitive planning documents, and pricing and third party contracts. The "HIGHLY CONFIDENTIAL" designation shall mean Discovery Material that is comprised of sensitive or personal information the designating party believes, in good faith, is neither known to the requesting party (Plaintiff or Defendants as the case may be) nor publicly known. This includes material described as "CONFIDENTIAL" in this paragraph that is especially sensitive in nature and/or has a substantial likelihood of compromising or jeopardizing the producing party's competitive business interests were the material designated as merely "CONFIDENTIAL." In all instances, the designating party bears the burden of proving the bases for its designations.

3. The designation of any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made in the following manner by any designating party:

   a. In the case of written discovery: by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the first page of the document and to each page containing any such information.

   b. In the case of documents, including ESI, produced in the Action: by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the pages of the document. Before designating documents as "HIGHLY CONFIDENTIAL," the producing party shall follow the procedures set forth in ¶ 6, *infra*.

   c. In the case of tangible items: by (i) affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the item by sticker or other reasonable means; or (ii) by letter to all counsel providing a written description identifying the items so designated. Before designating tangible items as "HIGHLY CONFIDENTIAL," the producing party shall follow the procedures set forth in ¶ 6, *infra*.

    d.    In the case of depositions and other pretrial testimony, by written notice sent to all parties and to the court reporter within fourteen (14) days[1] after receiving a copy of the transcript thereof whether the transcript or any portion thereof is to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." During this period, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL," unless the disclosing party consents to less confidential treatment of the information. If no such designation is made within such fourteen (14) days, the entire deposition will be considered not to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    e.    By letter to all parties, the receiving party may designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any documents or things produced that contain its confidential information but that were not so designated by the producing party. Within ten (10) days, the producing party will then re-produce such documents with the new designation as above.

    f.    The inadvertent failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not constitute a waiver of such designation and a designating party may designate information after disclosure, with the effect that such information is thereafter subject to the protections of this Protective Order and that any disclosure prior to such designation shall not be deemed a violation of this Protective Order. In the event that a receiving party in good faith discloses information that had been inadvertently not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when originally produced, such receiving party shall take all reasonable steps to have the person or entity return or destroy the information or ESI to counsel for the receiving party. The designating party may request that a disclosing party identify all persons or entities to whom they have disclosed the information or ESI, or petition the Court for redress if necessary.

4.    It is the responsibility of counsel to maintain materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Challenge to Designations.**

5.    In the event a party challenges another party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission

---

[1] For avoidance of doubt, all references to "days" herein mean calendar days and the parties shall compute any period of time in accordance with Rule 6 of the Federal Rules of Civil Procedure, Local Civil Rule 6.4, and any order entered by the Court.

by any party that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

6. Before a producing party produces certain materials designated as "HIGHLY CONFIDENTIAL" (as specified in ¶¶ 3(b) and 3(c), *supra*), the producing party shall describe the materials to be so designated and the basis for the designation to the receiving party. The receiving party shall have five (5) days to respond and state whether the receiving party objects to the proposed designation. The parties shall then follow the procedures set forth in ¶ 5, *supra*. If the receiving party fails to respond within five (5) days, the producing party may proceed to produce the materials at issue and designate them as "HIGHLY CONFIDENTIAL."

**Disclosure and Use of CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material.**

7. Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may only be used by a receiving party for purposes of preparation, trial and appeal of this Action, or in related actions between these parties. However, nothing in this Protective Order shall limit or restrict any designating party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information for any purpose. Nothing in this Protective Order precludes either party from seeking a further order of the Court pursuant to Fed. R. Civ. P. 26(c).

8. "CONFIDENTIAL" information may be disclosed by a receiving party to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

   a. The party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of the party assisting in the defense or prosecution of, or making a determination with respect to, the Action, or, in the case of an individual party, the party himself or herself;

   b. In-house counsel for the party involved in the litigation, and their supporting personnel such as paralegals, legal secretaries, data entry clerks and legal clerks;

   c. Outside counsel for the party involved in the litigation, and their supporting personnel such as paralegals, legal secretaries, data entry clerks and legal clerks;

   d. Service vendors engaged by outside counsel representing the party, to the extent reasonably necessary to assist in the conduct of the Action;

4

      e.    A consulting or testifying expert engaged by outside litigation counsel in connection with this Action for the party, and his or her professional staff, provided that such person signed an undertaking in the form of Exhibit A attached hereto;

      f.    The Court and any appellate court, and their judicial and administrative employees, court reporters, video reporters, and jurors in connection with proceedings in this Action;

      g.    A mediator or other third party (and his or her support personnel) who is appointed by the Court or retained by the parties in connection with this Action, provided that such person signed an undertaking in the form of Exhibit A attached hereto;

      h.    Any person indicated on the face of a document to be the author, addressee or a copy recipient of the document, provided that such person is notified that such Discovery Material is subject to this Protective Order and is not provided with copies of such Discovery Material for his or her retention;

      i.    Outside or in-house counsel for insurance companies or other indemnitors of the party from which the party claims coverage or that are providing coverage for claims;

      j.    Any prospective witness to the extent reasonably necessary in connection with any actual or potential testimony that the witness may give in this Action or the preparation thereof, provided that such person signed an undertaking in the form of Exhibit A attached hereto. All persons identified solely in this subparagraph shall not be permitted to retain any such Discovery Material after they have given their testimony;

      k.    Any witness or deponent (and counsel for the witness or deponent) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof. All persons identified solely in this subparagraph shall be advised of the contents of this Protective Order and shall not be permitted to retain any such Discovery Material;

      l.    Any other person upon order of the Court, or such other person as the parties' counsel may agree in writing.

9.    "HIGHLY CONFIDENTIAL" information may only be disclosed by a receiving party to individuals in categories 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h), 8(i), 8(j), 8(k), or 8(l) above provided that such individuals are informed of the terms of this Protective Order.

10.    Before disclosing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material to any person referred to in subparagraphs 8(e), 8(g), or 8(j) above, counsel for the party or non-party making the disclosure shall provide such

person with a copy of this Protective Order, and such person shall sign an undertaking in the form attached as Exhibit A hereto stating that such person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain a copy of each signed Exhibit A.

**Non-Party Information.**

11. The existence of this Protective Order shall be disclosed to any person producing Discovery Material.  Any such person may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order.

**Personally Identifying Information.**

12. Any Personally Identifying Information ("PII") (*e.g.*, medical and other health information, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) contained in the Discovery Material must be redacted by the producing party. Redactions applied solely to protect PII shall bear the text "REDACTED—PII" or similar language.

13. The inadvertent failure to redact PII in the Discovery Material does not constitute a waiver of such protection and the producing party may provide replacement Discovery Material containing PII redactions.  In the event that a receiving party in good faith discloses information that had been inadvertently not redacted as PII when originally produced, such receiving party shall take all reasonable steps to have the person or entity return or destroy the information or ESI to counsel for the receiving party. The designating party may request that a receiving party identify all persons or entities to whom they have disclosed the information or ESI, or petition the Court for redress if necessary.

**Privileged Information.**

14. If Discovery Material produced in discovery is subject to a claim of attorney-client privilege, work-product protection, or any other applicable privilege or protection, the producing party shall follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(A) and Local Civil Rule 26.2.  Any party opposing a producing party's assertion of privilege or protection shall not assert as a ground for opposing such an assertion that the producing party waived any privilege or protection because of inadvertent production in this Action.

15. The production of privileged or protected Discovery Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for

6

> relevance, responsiveness and/or segregation of privileged and/or protected information.

17. The parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes reasonable steps to prevent disclosure under Federal Rule of Evidence 502(b)(2).

**Filing Designated Discovery Material.**

18. Notwithstanding the designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court in redacted form or under seal. The parties shall follow the Court's procedures with respect to filing materials in redacted form or under seal.

**Use of Designated Discovery Material in Court.**

19. The parties agree to meet and confer concerning the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material at hearings or at the trial of this action not fewer than three (3) days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than three (3) days' notice, the parties agree to meet and confer as soon as practicable after receiving notice. The use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material at hearings or at trial shall not cause such Discovery Material to lose its status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material.

**Final Disposition.**

20. At the conclusion of the Action (including all appeals), Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| By: /s/ *Kari Parks* | By: /s/ *Michael G. Bongiorno* |
| Ryan Whalen | Michael G. Bongiorno |
| Kari Parks | Andrew Goldman |
| Gusrae Kaplan Nusbaum PLLC | Wilmer Cutler Pickering |
| 120 Wall Street, 25th Floor |   Hale and Dorr LLP |
| New York, New York 10005 | 7 World Trade Center |
| (212) 269-1400 | 250 Greenwich Street |
| | New York, New York 10007 |
| | (212) 230-8800 |

7

| | |
|---|---|
| rwhalen@gusraekaplan.com<br>kparks@gusraekaplan.com | michael.bongiorno@wilmerhale.com<br>andrew.goldman@wilmerhale.com |
| *Counsel for Kay Johnson* | Jonathan D. Rosenfeld (*pro hac vice*)<br>Wilmer Cutler Pickering<br>  Hale and Dorr LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>(617) 526-6000<br>jonathan.rosenfeld@wilmerhale.com |
| | *Counsel for Defendants and Nominal Defendant* |

**SO ORDERED.**

_____
**Ona T. Wang**     **Date:** 12/28/20
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAY JOHNSON, both individually and derivatively on behalf of NATIONAL HOLDINGS CORPORATION,<br><br>              Plaintiff,<br><br>   v.<br><br>NATIONAL SECURITIES CORPORATION, NATIONAL ASSET MANAGEMENT, INC., NATIONAL HOLDINGS CORPORATION, MICHAEL MULLEN, GLENN WORMAN, BILLY GROENEVELD, DANIEL ORTEGA, RENE KAGEFF, MICHAEL SINGER, DANIEL HUME, JEFFREY GARY, ROBERT FAGENSON, ATHANASSIOS MICHAS A/K/A NASSOS MICHAS, BARBARA CREAGH, and JOHN DOES 1-10,<br><br>              Defendants<br><br>and<br><br>NATIONAL HOLDINGS CORPORATION,<br><br>              Nominal Defendant. | No. 19-cv-06197-LTS-OTW |

## **CONFIDENTIALITY AGREEMENT**

I hereby affirm that:

Information, including documents and things, designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order") may be provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without: (i) the express written consent of the party who designated such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or (ii) order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

To the extent I am permitted under the terms of the Protective Order to retain documents or materials designated as or containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, I understand that I am to retain all such documents or materials in a secure manner, and that all such documents and materials are to remain in my custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are to be returned to counsel who provided me with such documents and materials.

DATED: _____

_____
Signature

_____
Printed Name